**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| **PYJAI SAKATU YMPOKA** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 1:25-39** |
| | : | |
| **UNITED STATES DEPARTMENT OF INTERIOR, DOUG BURGUM, UNITED STATES DEPARTMENT OF COMMERCE, HOWARD W. LUTNICK, UNITED STATES CENSUS BUREAU, JOHN/JANE DOES 1-10** | : | |

# ORDER

**AND NOW**, this 16th day of October 2026, following reassignment (ECF 47) leading to our detailed review of Judge Henderson's Report and Recommendation (ECF 39), Plaintiff's pro se Objections (ECF 43), finding the Plaintiff's Objections (ECF 39) lack merit as they challenge the justiciability of the United States District Court including its referral of Reports and Recommendations to United States Magistrate Judges subject to our independent study, and otherwise objecting to Judge Henderson describing his claims seeking to enforce constitutional rights as a civil rights action, noting Plaintiff seemingly argues he is not a United States citizen contrary to judicial findings, otherwise finding many of his claims entirely lack merit and has not pleaded facts as yet allowing us to plausibly infer a basis for three of his civil rights claims but could possibly timely amend to plead facts allowing us to plausibly infer a basis for these three claims, it is **ORDERED** we:

1. **OVERRULE** each of the four objections (ECF 43) as lacking merit as a matter of law;[1]

2. **APPROVE** and **ADOPT** Judge Henderson's March 25, 2026 Report and Recommendation (ECF 39);

3. **DISMISS with prejudice:**

a. Claims under the Alien Tort Statute which includes dismissal of all federal officials and agencies alleged in Counts I–V, VII and XIII;

b. Claims under the Racketeer Influenced & Corrupt Organizations Act alleged in Counts VIII, IX, and X;

c. Claims under state law under Counts XI and XII;

d. Claims under 42 U.S.C. § 1983 alleged in Counts VI, XIV, and XV, XVI, XVIII, and XXI;

e. Claims of excessive bail alleged in Count XVII;

f. Claims of suppression of evidence alleged in Count XIX;

g. Defendants The Virgin Islands of the United States and The Virgin Islands Department of Justice, Governor Albert Bryan, Attorney General Gordon Rhea, and Special Agent William Curtis in their official capacities; and Judge Alphonso Andrews, Jr. in his official and individual capacities under section 1983;

h. Attorney Ronald Russell and his law firm and Attorney Kye Walker and her law firm;

4. **DISMISS without prejudice** with leave to file an amended Complaint no later than **November 16, 2026**, with specific facts allowing us plausibly infer personal involvement, supervisory liability, or as a policy or custom to impose municipal liability under the civil rights vehicle provided by Congress as to each timely named state actor to challenge a prolonged detention claim, access to the courts claim, and civil rights conspiracy claim;

5. **DIRECT** the Clerk of Court NOT issue summons until further Order after our study of a timely-filed amended Complaint; and,

6. **AMEND** the caption as above to reflect the dismissal with prejudice of The Virgin Islands of the United States, The Virgin Islands Department of Justice, Governor Albert Bryan, Attorney General Gordon Rhea, Special Agent William Curtis in their official capacities, Judge Alphonso Andrews, Jr. in his official and individual capacities under section 1983, Attorney Ronald Russell and his law firm, and Attorney Kye Walker and her law firm.

**KEARNEY, J.**

---

[1] Mr. Ympoka objects to Judge Henderson's detailed findings on four grounds. Congress requires we conduct a de novo review of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1). We "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Each objection lack merit. We find Judge Henderson's comprehensive analysis supports dismissal under section 1915 with prejudice as to several claims and without prejudice to three claims.

- Mr. Ympoka now challenges the referral of the Report and Recommendation to Judge Henderson. ECF 43 at 6. He did not raise this issue until his objections after Judge Henderson's study. Congress specifically authorizes a United States Magistrate Judge to review claims and prepare a Report and Recommendation for a United States District Judge's study. 28 U.S.C. § 636(b)(1)(A)–(B). Mr. Ympoka's objection to the referral is untimely and lacks merit.

- Mr. Ympoka challenges Judge Henderson's review of his claims against state actors under the civil rights law. ECF 43 at 6–8. Congress allows suits to enforce constitutional rights through the civil rights law codified at 42 U.S.C. §1983. *Fogle v. Sokol*, 957 F.3d 148, 157 (3d Cir. 2020). Judge Henderson properly concludes Mr. Ympoka may not proceed under the Alien Torts Act as he is a United States citizen. ECF 39 at 8.

- Mr. Ympoka challenges Judge Henderson's fact findings as to his citizenship. ECF 43 at 8–9. Judge Henderson supports his fact findings by referencing Judge McFadden's findings of fact in Mr. Ympoka's Action in the District of Columbia. ECF 39 at 2–5. Judge McFadden found Mr. Ympoka is not an "alien" for jurisdictional purposes of the Alien Tort Statute. *Ympoka v. U.S. Dep't of Interior*, No. 24-cv-2000, 2025 WL 2029763 at *3 (D.D.C. July 21, 2025). Judge Henderson finds likewise. ECF 39 at 8. We find Judge Henderson's factual findings accurate.

- Mr. Ympoka objects to the dismissal recommendation again challenging Judge Henderson's jurisdiction. ECF 43 at 9. He again claims Judge Henderson has no jurisdiction or authority in the Virgin Islands. *Id*. But as we explained Congress authorizes Judge Henderson to review claims and prepare a Report and Recommendation. 28 U.S.C. § 636(b)(1)(A)–(B). We overrule Mr. Ympoka's objection.